*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                                *(609) 858-9351*
*Chief Bankruptcy Judge*

## LETTER DECISION

October 27, 2016

Richard L. Zucker, Esquire
Lasser Hochman, LLC
75 Eisenhower Parkway
Roseland, New Jersey 07068

William H. Oliver, Jr.
2240 State Highway 33, Suite 112
Neptune, New Jersey 07753

                                       Re:     Lori Ann Thompson - Case No. 16-22532

                                                    Motion to Dismiss Case (Document #21)
                                                    Hearing Date:  September 14, 2016

Dear Counsel:

       On September 14, 2016, the court took argument on a motion to dismiss the Chapter 13 petition filed by Island Shoppes, LLC. After considering all submissions and the oral argument, the court finds that there is cause to dismiss the case.

       In May 2014, Island Shoppes leased commercial space to Bar Life Enterprises, LLC for a premises located in Jensen Beach, Florida. Contemporaneously with the execution of the lease, Lori Thompson provided Island Shoppes with a written financial statement as well as a personal guaranty. Bar Life Enterprises defaulted in January and February 2015, and the parties entered into a lease addendum. Further defaults followed, and Island Shoppes filed suit against Ms. Thompson on her guaranty, and obtained a default. Ms. Thompson moved to set aside the default, but filed her bankruptcy petition one day before the hearing on her motion.

Section 1307 of the Bankruptcy Code permits a court to dismiss a Chapter 13 case for "cause." Cause is not a defined term and § 1307 does not explicitly include bad faith as a possible cause. The Third Circuit; however, has held that bad faith can justify dismissal.[1] In *Lilley*, the Third Circuit outlined the factors a court should consider.[2] The majority of the *Lilley* factors favor dismissal of this case.

The first three *Lilley* factors are the nature of the debt and the motive and timing of the petition. This case was filed on the eve of the hearing to vacate default, and was unquestionably motivated by avoiding the almost $250,000 owed to Island Shoppes. Aside from the debt to Island Shoppes, the unsecured debt totals less than $18,000.

Another factor courts should consider in evaluating bad faith is the debtor's treatment of creditors both before and after the bankruptcy filing. Here, Island Shoppes has certified that it held off on collection actions based on Ms. Thompson's numerous promises that she would make a substantial payment after the sale of one of her properties in Houston, Texas. That property was sold in December 2015, but Ms. Thompson failed to pay a dime to Island Shoppes. In Ms. Thompson's certification in opposition to this motion, she attempts to justify her failure to pay by saying that her financial circumstances had changed because of her daughter's arrest. Once the issue of a debtor's good faith is called into question, the debtor has the burden of proving that the petition was filed in good faith.[3] The Debtor's vague claim of changed financial circumstances fails to carry her burden of proof. The Debtor specifically accounts for, although provides no documentation of, $23,880 in expenses that were paid from the $95,000 in sale proceeds from the Texas property. The Debtor then states that the balance was used for her adult daughter's rehabilitation. The Debtor provides no documentation to support her statement that over $70,000 was used for that purpose. When it is the debtor that bears the burden of proving good faith more than vague assertions are needed.[4] Although it is understandable why Ms. Thompson wanted to help her adult daughter, her failure to even nominally follow through on her promise to a creditor is a factor the court must consider in evaluating good faith. In addition to the Debtor's failure to follow through on her promise to bring Island Shoppes current from the sale of her Texas property, the Debtor also valued her assets in her bankruptcy petition far lower than she had in the financial statement submitted to Island Shoppes just two years prior to the filing. Island Shoppes relied on that financial statement in entering into the lease. For example, the 2014 financial statement listed the value of the Toms River house at $290,000, but the bankruptcy petition listed it at $203,000. If the financial statement valuation is the more accurate FMV then there is over $40,000 in non-exempt equity in that property. The issue of equity is important in this case because the debtor's Chapter 13 plan proposes to pay unsecured creditors only $2,320, which the Debtor claims represents non-exempt equity in the South Carolina property she co-owns with her father. In arriving at all of the valuation in the schedules, the Debtor used an inflated cost of sale deduction of 13% in what appears to be an attempt to reduce any possible equity. The plan that was proposed does not appear to be a good faith attempt by the Debtor to repay some portion of what she owes to creditors.

---

[1] *In re Mondelli*, 558 Fed. Appx. 60 (3d Cir. 2014)
[2] *In re Lilley*, 91 F.3d 491 (3d Cir. 1996)
[3] *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000)
[4] *Id.*

2

      The final *Lilley* factor courts should consider is whether the debtor has been forthcoming with the bankruptcy court and the creditors. Again, this factor favors a finding of bad faith. The Debtor failed to list in her Statement of Financial Affairs the sale of property at Shady Nook Drive that was transferred just five weeks before she filed her petition. The Debtor certifies that she disclosed the sale to her bankruptcy lawyer, but he failed to list it. By signing the petition and schedules the Debtor is certifying that all statements are true and accurate, and a debtor has an independent obligation to make sure that is the case.[5] In this situation, the Debtor did not take her obligation to ensure the accuracy of her petition seriously. Had she, she would have known that her attorney failed to list the transfer of the Shady Nook property. The Debtor also failed to properly disclose the transfer of her property in Houston, Texas. Although the transfer itself was disclosed, none of the relevant details were disclosed. Most notably, the fact that she received about $95,000 from the sale was not disclosed.

      While no one of these factors is determinative of bad faith, the court finds the confluence of multiple factors mandates dismissal under 11 U.S.C. § 1307. Island Shoppes's Motion to Dismiss is granted.

      */s/ Kathryn C. Ferguson*
      KATHRYN C. FERGUSON
      US Bankruptcy Judge

---

[5] *Daniels v. Agin*, 736 F.3d 70, 85 (1st Cir. 2013)